Phillip Lamberson – SBT #  00794134
Elisabeth A. Wilson  – SBT # 24056896
**WINSTEAD PC**
1201 Elm Street, Suite 5400
Dallas, Texas 75270
Phone:  (214) 745-5400
Fax:     (214) 745-5390

**ATTORNEYS FOR BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **AOK CONSTRUCTION, LLC,** | § | **Case No. 09-34419** |
| | § | |
| **Debtor** | § | |
| | § | |
| **KIRBY-SMITH MACHINERY, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **AOK CONSTRUCTION, LLC and** | § | **Adversary No. 09-03406** |
| **CONTINENTAL ENERGY SERVICES,** | § | **Civ. Case No. CJ-2009-3493** |
| | § | |
| **Defendants.** | § | |
| | § | |
|   **-and -** | § | |
| | § | |
| **BANK OF AMERICA, N.A.,** | § | |
| | § | |
| **Intervenor.** | § | |

## MOTION TO QUASH PREJUDGMENT GARNISHMENT

**TO THE HONORABLE JUDGE MARVIN ISGUR U.S. BANKRUPTCY JUDGE:**

Bank of America, N.A. ("BoA"), as Administrative Agent for the lenders described below, hereby files its *Motion to Quash PreJudgment Garnishment* in this adversary proceeding,

---

**MOTION TO QUASH PREJUDGMENT GARNISHMENT**                                              Page 1 of 7

seeking an order quashing Kirby-Smith Machinery, Inc.'s prejudgment garnishment and ordering payment of the garnished funds to Bank of America, N.A. Accompanying this Motion is the *Brief in Support of Motion to Quash PreJudgment Garnishment*. In support of its Motion, BoA would respectfully state the following:

## I.  STATEMENT OF THE CASE

1. BoA is entitled to a determination of lien priority with regard to the garnished funds and, by virtue of its superior lien, is entitled to the proceeds from a sale of equipment owned by AOK Construction, LLC (the "Debtor") and upon which BoA held a properly perfected, first priority security interest.[1] The garnishment interest of Kirby-Smith Machinery, Inc. ("Kirby-Smith"), if any, is clearly inferior to BoA's right to such proceeds.

## II.  JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This Motion is a core matter under 28 U.S.C. § 157(b)(2)(A) & (B). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## III.  EVIDENCE

3. BoA directs the Court's attention to the following evidence supporting BoA's Motion:

   A. Affidavit of Patrick G. Honey ("Honey Affidavit")

   B. Amended and Restated Credit Agreement dated as of March 3, 2008, by and between Continental Energy Services, LLC ("CES") as borrower, LaSalle Bank National Association ("LaSalle") as administrative agent, issuing lender, and lender, and Amegy Bank National Association ("Amegy") and Compass Bank ("Compass") as lenders ("Credit Agreement")

---

[1] As further support for this Court's authority to determine the priority of BoA's lien in relation to Kirby-Smith's purported lien, BoA directs the Court to the language in the June 17, 2009 Order in which the Oklahoma Court stated that "a determination or adjudication of [Kirby-Smith] and BOA's right, title, lien, claim or interest in and to the Garnished Funds, including the validity, priority, and amount of [Kirby-Smith] or BOA's liens" were expressly reserved for further determination.

C.     Guaranty and Collateral Agreement dated as of March 9, 2007 ("Security Agreement")

D.     UCC-1 financing statement filed March 13, 2007 with the Oklahoma Secretary of State ("UCC-1")

E.     Kirby-Smith's First Amended Petition in Oklahoma State Court Case No. CJ-2009-3493

    a.     Exhibit A: Purported Credit Application of AOK Construction, signed and delivered to Kirby-Smith on or about September 30, 2008

    b.     Exhibit B: Kirby-Smith's statement of account for AOK Construction

F.     Kirby-Smith's Garnishment Affidavit filed May 1, 2009 ("Garnishment Aff.")

G.     Agreed Order Authorizing Issuance of Plaintiff's Prejudgment Garnishment without an Undertaking, dated May 28, 2009 ("Order Authorizing Garnishment")

H.     Agreed Order Granting Bank of America, N.A.'s Motion to Intervene and Authorizing Disbursement of Garnished Funds, dated June 17, 2009 ("June 17, 2009 Order")

I.     Agreed Order Granting the Trustee's Agreed Motion to Allow "Carve Out" and to Surcharge Collateral Pursuant to 11 U.S.C. § 506(c), dated September 10, 2009 ("September 10, 2009 Order")

## IV.    STATEMENT OF UNDISPUTED FACTS

4.     The Credit Agreement was executed as an amendment to and restatement of an existing senior secured credit facility evidenced by a Credit Agreement dated March 9, 2007, by and between CES, as borrower, LaSalle, as administrative agent, issuing lender and lender, and Amegy and Compass, as lenders. BoA is successor-in-interest to LaSalle. The credit facility, which is the subject of the Credit Agreement, consists of existing and future indebtedness under term loans and revolving loans up to an aggregate principal amount of $47,500,000 (the outstanding amount of which is referred to as the "Indebtedness"). *See* Honey Affidavit, Exhibit A; Credit Agreement, Exhibit B. As of June 26, 2009 (the date AOK filed bankruptcy), the total amount of the Indebtedness was $31,413,701.10. *See* Honey Affidavit, Exhibit A.

5. Pursuant to the terms of the Guaranty and Collateral Agreement dated as of March 9, 2007 (the "Security Agreement"), the Indebtedness is secured by among other things, (i) all of the personal property of CES and any proceeds from the sale or disposition of such property, and (ii) all of the personal property owned by, among other parties, AOK and any proceeds from any sale or disposition of such personal property. *See* Security Agreement, Exhibit C. BoA's security interest in the personal property of AOK, as referenced above, was perfected on or about March 13, 2007, by the filing of a UCC-1 financing statement with the Oklahoma Secretary of State. *See* UCC-1, Exhibit D.

6. BoA agreed to allow CES and its affiliates (including AOK) to sell a portion of the collateral securing the Indebtedness in a public auction that took place on May 19, 2009, provided that all of the net proceeds of such auction were paid to BoA to be applied to the Indebtedness. *See* Honey Affidavit, Exhibit A. CES, with BoA's consent, engaged Ritchie Bros. Auctioneers, Inc. ("Ritchie Bros."), an internationally known auction company, to advertise the auction and to conduct the auction. *See id.*

7. The property sold at the May 19, 2009 auction consisted primarily of equipment owned by CES's subsidiaries, including AOK. *See id.* With the exception of approximately nine vehicles that were subject to a first lien held by First National Bank of Kansas and the proceeds from the sale of which were paid to First National Bank of Kansas, all of the property that was sold was BoA's collateral, which secured the Indebtedness pursuant to the terms of the Security Agreement. *See id.* Upon information and belief, only approximately one-half of the property sold by Ritchie Bros. at the May 19, 2009 auction was property owned by AOK, and the remainder was owned by Continental Energy Leasing, LLC, who is not a party to the captioned lawsuit. *See id.* No property owned by defendant CES was sold at the auction. *See id.*

8. On April 13, 2009, Kirby-Smith filed a lawsuit against AOK and CES in the District Court of Oklahoma County, Oklahoma (the "Oklahoma Court"), seeking relief for payments due under a purported credit agreement. *See* Pl. First Am. Pet., Exhibit E. On May 1, 2009, Kirby-Smith filed a Notice of Prejudgment Garnishment seeking issuance of a pre-judgment garnishment summons (the "Summons") to attach proceeds that Ritchie Bros. received from the sale of the equipment at public auction. *See* Garnishment Aff., Exhibit F. The Oklahoma Court entered an order authorizing the prejudgment garnishment and ordering that Ritchie Bros. pay to Kirby-Smith's attorney the sum of $730,638.24, together with costs of the principal action and costs of the garnishment proceeding (the "Garnished Proceeds"). *See* Order Authorizing Garnishment, Exhibit G. On June 5, 2009, BoA filed an Unopposed Motion to Intervene in the State Court Action for the purpose of asserting its interest in the Garnished Proceeds. *See* Honey Affidavit, Exhibit A. On June 17, 2009, the Oklahoma Court granted the Motion to Intervene, directed Ritchie Bros. to disburse the Garnished Proceeds to BoA, and directed BoA to hold the Garnished Proceeds subject to further orders of the Oklahoma Court. *See* June 17, 2009 Order, Exhibit H. The Garnished Proceeds (in the amount of $783,000) are currently held in a segregated account at BoA pending further order. *See* Honey Affidavit, Exhibit A.

9. Kirby-Smith's First Amended Petition in this action, in which it sought to recover unpaid amounts due under its credit agreement with AOK, does not assert that Kirby-Smith has a secured interest in AOK's equipment or that Kirby-Smith holds a perfected lien. *See* Pl. First Am. Pet., Exhibit E. The first invoice for which Kirby-Smith seeks payment from AOK under their purported credit agreement is dated November 30, 2007, which is over eight months after BoA filed its UCC-1 financing statement. *Compare* Pl. First Am. Pet., Exhibit E (AOK

Construction Credit App., Exhibit A to Petition) *with* UCC-1, Exhibit D.  Furthermore, there is no evidence or assertion made that the equipment sold at the auction by Ritchie Bros. was collateral for AOK's credit agreement with Kirby-Smith. *See* Pl. First Am. Pet., Exhibit E.  Rather, Kirby-Smith's rights, if any, arise solely based on its garnishment request.

## V.    PRAYER FOR RELIEF

10.    The evidence establishes that BoA has a prior, perfected security interest that is superior to Kirby-Smith's claim on the Garnished Proceeds. Further, as BoA's lien amount and the Indebtedness far exceed the amount of Garnished Proceeds, there are no excess proceeds to which Kirby-Smith may have a claim.  The evidence clearly shows that BoA is entitled to an order quashing the prejudgment garnishment and ordering payment of the Garnished Proceeds to BoA.

**WHEREFORE**, **PREMISES CONSIDERED**, Bank of America, N.A. respectfully requests that the Court enter an Order quashing the prejudgment garnishment and directing that payment of the Garnished Proceeds be made to Bank of America, N.A. because, by virtue of BoA's perfected security interest in the Collateral and the Garnished Proceeds, the Garnished Proceeds are not available to satisfy any debt owed by AOK to Kirby-Smith, as a matter of law.  Furthermore, BoA seeks recovery of its attorney's fees in this action against Kirby-Smith, as allowed by Oklahoma state law.  BoA also requests such other and further relief to which it is entitled at law or in equity.

Respectfully submitted,

**WINSTEAD PC**
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400
(214) 745-5390 (Facsimile)

By: _/s/ Phillip Lamberson_
Phillip Lamberson – SBT # 00794134
Elisabeth A. Wilson – SBT # 24056896

**ATTORNEYS FOR BANK OF AMERICA, N.A.**

### Certificate of Service

This is to certify that on November 25, 2009, a true and accurate copy of the foregoing document was served on the persons listed below via United States first class mail, postage pre-paid, and notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

Clay P. Booth
Kline, Kline, Elliot & Bryant, PC
720 N.E. 63rd Street
Oklahoma City, OK 73105

David Jones
Porter & Hedges LLP
1000 Main Street
36th Floor
Houston, Texas 77002

David Askanase, Chapter 7 Trustee
Hughes Watters and Askanase LLP
Three Allen Center
333 Clay Street, 29th Floor
Houston, Texas 77002

Nancy Lynne Holley
U.S. Trustee
515 Rusk Ave., Suite 3516
Houston, Texas 77002

_/s/ Elisabeth A. Wilson_
Elisabeth A. Wilson

Dallas_1\5452600\2
9766-1352 11/25/2009