Phillip Lamberson – SBT #  00794134
Elisabeth A. Wilson  – SBT # 24056896
**WINSTEAD PC**
1201 Elm Street, Suite 5400
Dallas, Texas 75270
Phone:  (214) 745-5400
Fax:     (214) 745-5390

**ATTORNEYS FOR BANK OF AMERICA, N.A.,
AS ADMINISTRATIVE AGENT**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 7** |
| **AOK CONSTRUCTION, LLC,** § | | **Case No. 09-34419** |
| **Debtor** § | | |
| **KIRBY-SMITH MACHINERY, INC.,** § | | |
| **Plaintiff,** § | | |
| **v.** § | | |
| **AOK CONSTRUCTION, LLC and** § | | **Adversary No. 09-03406** |
| **CONTINENTAL ENERGY SERVICES,** § | | **Civ. Case No. CJ-2009-3493** |
| **Defendants.** § | | |
| **-and -** § | | |
| **BANK OF AMERICA, N.A.,** § | | |
| **Intervenor.** § | | |

## BRIEF IN SUPPORT OF MOTION TO QUASH PREJUDGMENT GARNISHMENT

**TO THE HONORABLE JUDGE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:**

Bank of America, N.A. ("BoA"), as Administrative Agent for the lenders described below, hereby files its *Brief in Support of Motion to Quash PreJudgment Garnishment* seeking

an Order quashing Kirby-Smith Machinery, Inc.'s garnishment and directing that payment of the garnished funds be made to Bank of America, N.A., and would respectfully state the following:

## I.  SUMMARY[1]

1.  BoA holds a perfected security interest in the equipment of AOK Construction, LLC ("AOK") which was sold at public auction, by agreement of BoA, with the proceeds to be used to pay down the Indebtedness.  Under the Uniform Commercial Code codified in the Oklahoma statutes, BoA's perfected security interest is prior to and superior to any interest Kirby-Smith Machinery, Inc. ("Kirby-Smith") may claim under its credit agreement with AOK.  Accordingly, BoA is entitled to the proceeds from the sale of the encumbered equipment, despite Kirby-Smith's garnishment claim.

## II.  PROCEDURAL BACKGROUND

2.  On April 13, 2009, Kirby-Smith filed a lawsuit against AOK and Continental Energy Services, LLC ("CES") in the District Court of Oklahoma County, Oklahoma (the "Oklahoma Court").[2]  This lawsuit was assigned Case No. CJ-2009-3493 (the "State Court Litigation") and sought various relief against AOK and CES.  On May 1, 2009, Kirby-Smith filed a Notice of Prejudgment Garnishment in the State Court Litigation.  Therein, Kirby-Smith sought issuance by the Clerk of the Court of a pre-judgment garnishment summons (the "Summons") to be served on Ritchie Bros. The purported purpose of the Summons is to attach proceeds that Ritchie Bros. received from the sale of BoA's collateral at a public auction held May 19, 2009.  Only approximately one half of the property sold at auction consisted of AOK's

---

[1] All capitalized terms used in this *Brief* have the same meaning as those terms were defined in the Motion to Quash Prejudgment Garnishment.

[2] BoA agrees that Oklahoma law governs this garnishment action.

property, and no property owned by defendant CES was sold at the auction. *See* Honey Affidavit, Exhibit A.

3. On May 28, 2009, the Oklahoma Court entered an Agreed Order Authorizing Issuance of Plaintiff's Prejudgment Garnishment Without An Undertaking (the "Agreed Order"). Pursuant thereto, AOK waived the requirement under Okla. Stat. tit. 12, § 1172.1 (A)(4) that Kirby-Smith post a bond in twice the amount of Kirby-Smith's claim prior to issuance of the Summons. Pursuant to the Agreed Order, the Court issued the Summons on May 28, 2009, and based on information and belief, Kirby-Smith has served the Summons on Ritchie Bros. The Summons requires Ritchie Bros., within ten (10) days of service of the Summons on it, or June 9, 2009, to pay to Kirby-Smith's attorney the sum of $730,638.24, together with costs of the principal action and costs of the garnishment proceeding (the "Garnished Proceeds").

4. On June 5, 2009, BoA filed an Unopposed Motion to Intervene in the State Court Action for the purpose of asserting its interest in the Garnished Proceeds. On June 17, 2009, the State Court entered an Agreed Order Granting Bank of America's Motion to Intervene and Authorizing Disbursement of Garnished Funds. Pursuant to the Agreed Order, Ritchie Bros. was authorized and directed to disburse the Garnished Proceeds to BoA and BoA was directed to hold the Garnished Proceeds subject to further orders of the Oklahoma Court. In addition, the State Court expressly reserved the issue of an adjudication of Kirby-Smith's and BoA's right, title, lien, claim, or interest in and to the Garnished Proceeds, including the validity, priority, and amount of such liens, for further determination by the court.

5. On June 10, 2009, Ritchie Bros. filed its Answer to the Summons, stating that it was holding the Garnished Proceeds (in the amount of $783,000) and had been directed by AOK

and Kirby-Smith to submit same to BoA. The Garnished Proceeds are currently held in a segregated account at BoA pending further order.

6. On June 26, 2009, AOK filed a voluntary petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. David J. Askanase was appointed as chapter 7 Trustee. On June 29, 2009, a Suggestion of Bankruptcy was filed in the Oklahoma Court. This action was removed to United States Bankruptcy Court for the Western District of Oklahoma on July 8, 2009, and then transferred to this Court as an Adversary Proceeding on October 13, 2009.

### III.   RELEVANT FACTUAL BACKGROUND[3]

7. BoA is the successor-in-interest to LaSalle Bank National Association ("LaSalle") as administrative agent and lender in connection with a senior secured credit facility (the "Loan") governed by the terms of an Amended and Restated Credit Agreement. The Credit Agreement is dated as of March 3, 2008 (the "Credit Agreement"), by and between defendant CES, as borrower, LaSalle, as administrative agent, issuing lender and lender, and Amegy Bank National Association ("Amegy") and Compass Bank ("Compass"), as lenders. *See* Honey Affidavit, Exhibit A; Credit Agreement, Exhibit B. The Credit Agreement was executed as an amendment to and restatement of an existing senior secured credit facility evidenced by a Credit Agreement dated March 9, 2007, by and between CES, as borrower, LaSalle, as administrative agent, issuing lender and lender, and Amegy and Compass, as lenders. *See* Credit Agreement, Exhibit B. The credit facility, which is the subject of the Credit Agreement, consists of existing and future indebtedness under term loans and revolving loans up to an aggregate principal amount of $47,500,000 (the outstanding amount of which is referred to collectively as the "Indebtedness").

---

[3] The Statement of Undisputed Facts contained in the Motion to Quash Prejudgment Garnishment is incorporated herein by reference.

**BRIEF IN SUPPORT OF MOTION TO QUASH PREJUDGMENT GARNISHMENT**

*See* Credit Agreement, Exhibit B.  As of June 26, 2009, the total amount of the indebtedness was $31,413,701.10.  *See* Honey Affidavit, Exhibit A.

8. Pursuant to the terms of the Guaranty and Collateral Agreement dated as of March 9, 2007 (the "<u>Security Agreement</u>"), the Indebtedness is secured by among other things, (i) all of the personal property of CES and any proceeds from the sale or disposition of such property, and (ii) all of the personal property owned by, among other parties, AOK and any proceeds from any sale or disposition of such personal property.  *See* Security Agreement, Exhibit C.  BoA's security interest in the personal property of AOK, as referenced above, was perfected on or about March 13, 2007, by the filing of a UCC-1 financing statement with the Oklahoma Secretary of State.  *See* UCC-1, Exhibit D.

9. BoA agreed to allow CES and its affiliates (including AOK) to sell a portion of the collateral securing the Indebtedness in a public auction that took place on May 19, 2009, provided that all of the net proceeds of such auction were paid to BoA to be applied to the Indebtedness.  *See* Honey Affidavit, Exhibit A. CES, with BoA's consent, engaged Ritchie Bros. to advertise the auction and to conduct the auction.  *See id.*

10. The property sold at the May 19, 2009 auction consisted primarily of equipment owned by CES's subsidiaries, including AOK. *See id.* With the exception of approximately nine vehicles that were subject to a first lien held by First National Bank of Kansas and the proceeds from the sale of which were paid to First National Bank of Kansas, all of the property sold was BoA's collateral, which secured the Indebtedness pursuant to the terms of the Security Agreement. *See id.*  Upon information and belief, only approximately one-half of the property sold by Ritchie Bros. at the May 19, 2009 auction was property owned by AOK, and the

remainder was owned by Continental Energy Leasing, LLC, who is not a party to the captioned lawsuit. *See id.* No property owned by defendant CES was sold at the auction. *See id.*

11. Kirby-Smith's First Amended Petition in this action, in which it sought to recover unpaid amounts due under its credit agreement with AOK, does not assert that Kirby-Smith has a secured interest in AOK's equipment or that Kirby-Smith holds a perfected lien. *See* Pl. First Am. Pet., Exhibit E. The first invoice for which Kirby-Smith seeks payment from AOK under their purported credit agreement is dated November 30, 2007, which is over eight months after BoA filed its UCC-1 financing statement. *Compare* Pl. First Am. Pet., Exhibit E (AOK Construction Credit App., Exhibit A to Petition) *with* UCC-1, Exhibit D. Furthermore, there is no evidence or assertion made that the equipment sold at the auction by Ritchie Bros. was collateral for AOK's credit agreement with Kirby-Smith. *See* Pl. First Am. Pet., Exhibit E. Rather, Kirby-Smith's rights, if any, arise solely based on its garnishment request.

## IV.   ARGUMENT AND AUTHORITIES

### A.   PERFECTION OF SECURITY INTERESTS UNDER OKLAHOMA STATE LAW

12. The provisions of the Uniform Commercial Code ("UCC") are codified in the Oklahoma statutes. *See* Okla. Stat. tit. 12A, § 1-9-301. "The policy underlying the perfection and recordation of security interests is to provide notice to interested parties." *In re Hembree*, 635 P.2d 601, 603 (Okla. 1981). With only narrowly-prescribed exceptions, the UCC provides that a security interest is not perfected unless a financing statement is filed. *Security Nat'l Bank v. Dentsply Professional*, 617 P.2d 1340, 1343 (Okla. 1980). The filing requirements are mandatory and Oklahoma state law has given "strict obedience to those commands." *See id.* (citing *First State Bank in Talihina v. United Dollar Stores*, 571 P.2d 444 (Okla. 1977)). The uniform provisions of the UCC also govern the general priority of liens. *See* Okla. Stat. tit. 12A,

§§ 1-9-317, 1-9-322. The proper filing of a financing statement, as required by the UCC provisions, perfects a security interest. *See* Okla. Stat. tit. 12A, §§ 1-9-308, 1-9-401.

### B. GARNISHMENT PROCEEDINGS UNDER OKLAHOMA STATE LAW

13. Any creditor may proceed in garnishment against any person who has property under his control that belongs to the creditor's debtor. *See* Okla. Stat. tit. 12, § 1171. Prejudgment garnishment is allowed under the "general garnishment" statute. *See* Okla. Stat. tit. 12, § 1173.3. The service of a garnishment summons impresses upon the garnished funds a garnishment lien. *See* Okla. Stat. tit. 12, § 1185; *First Mustang State Bank v. Garland Bloodworth, Inc.*, 825 P.2d 254 (Okla. 1991). "The garnishment summons and affidavit served on the garnishee under this section are a lien on the defendant's property due at the time of service of the summons to the extent the property is not exempt from garnishment." *See* Okla. Stat. tit. 12, § 1173.3(F). However, this lien is "subordinate to the rights of: (2) except as otherwise provided in subsection (e) of this section, a person that becomes a lien creditor before the earlier of the time: (A) the security interest or agricultural lien is perfected." *See* Okla, Stat. tit. 12A, § 1-9-317(a)(2)(A); *see also* Okla, Stat. tit, 12A, § 1-9-102(a)(52)(A) (stating that "Lien creditor" means: "a creditor that has acquired a lien on the property involved by attachment, levy, or the like"). The garnishing judgment creditor acquires no greater rights to the funds than the judgment debtor. *See Sperry v. Renner*, 149 P.2d 781, 782 (1944).

### C. BOA'S LIEN IS SUPERIOR TO KIRBY-SMITH'S GARNISHMENT LIEN UNDER OKLAHOMA STATE LAW

14. BoA has a security interest in all of the personal property owned by AOK and any proceeds from any sale or disposition of such personal property based on its proper filing of a UCC-1 financing statement. *See Security Nat'l Bank*, 617 P.2d at 1343. As set forth herein, the Garnished Proceeds consist of proceeds from the sale or disposition of AOK's property, which

served as BoA's collateral under the Security Agreement. *See* Security Agreement, Exhibit C. Therefore, the Garnished Proceeds are impressed with BoA's security interest. To the extent AOK has any legal right to the Garnished Proceeds, such right is inferior to BoA's rights pursuant to its perfected security interest which pre-dates Kirby-Smith's claim by several months. Furthermore, Kirby Smith has no perfected security interest under Oklahoma State Law because it has not filed a financing statement. *See Security Nat'l Bank*, 617 P.2d at 1343; *First State Bank in Talihina*, 571 P.2d at 447.

15. Kirby-Smith claims an interest in the Garnished Proceeds by virtue of a garnishment lien. However, BoA's security interest in the Garnished Proceeds is prior to and superior to any interest that Kirby-Smith has in the Garnished Proceeds. *See* Okla, Stat. tit. 12A, § 1-9-317(a)(2)(A). BoA perfected its security interest in the Garnished Proceeds on or about March 13, 2007, prior to the time any garnishment lien in Kirby-Smith's favor was impressed on the Garnished Proceeds. Furthermore, the amount of Garnished Proceeds is far less than the amount of the Indebtedness, including the $31,413,701.10 indebtedness as of June 26, 2009, leaving no excess proceeds. *See* Honey Affidavit, Exhibit A. Therefore, there is no possibility that any of the Garnished Proceeds would be available to satisfy any purported security interest of Kirby-Smith.

16. Accordingly, the Summons should be quashed because all of the funds held by Ritchie Bros. were subject to BoA's prior perfected lien. In addition, because the Garnished Proceeds are being held until further order, the Court should enter an order determining BoA's interest in the Garnished Proceeds superior to Kirby-Smith's interest and ordering the disbursement of the Garnished Proceeds to BoA.

17. Furthermore, because under Oklahoma law the prevailing party in a dispute between a garnishment lien creditor and a lien creditor is entitled to attorney's fees, BoA is entitled to recover its attorney's fees in intervening in this proceeding and obtaining judgment on its superior lien. *See Winkler v. Solutions Group, Inc.*, 915 P.2d 386, 388 (Okla. Civ. App. 1995).

## V. CONCLUSION

18. Under Oklahoma law, BoA has a perfected security interest that is superior to any claim Kirby-Smith asserts. BoA is entitled to a judgment quashing Kirby-Smith's prejudgment garnishment summons. Furthermore, BoA is entitled to a judgment that it holds a perfected security lien superior to Kirby-Smith and ordering payment of the Garnished Proceeds to BoA. In addition, BoA is entitled to recover its attorney's fees in this action.

Respectfully submitted,

**WINSTEAD PC**
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270-2199
(214) 745-5400
(214) 745-5390 (Facsimile)

By:  */s/ Phillip Lamberson*
      Phillip Lamberson – SBT # 00794134
      Elisabeth A. Wilson – SBT # 24056896

**ATTORNEYS FOR BANK OF AMERICA, N.A.**

## Certificate of Service

      This is to certify that on November 25, 2009, a true and accurate copy of the foregoing document was served on the persons listed below via United States first class mail, postage pre-paid, and notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

| | |
|---|---|
| Clay P. Booth | David Askanase, Chapter 7 Trustee |
| Kline, Kline, Elliot & Bryant, PC | Hughes Watters and Askanase LLP |
| 720 N.E. 63rd Street | Three Allen Center |
| Oklahoma City, OK 73105 | 333 Clay Street, 29th Floor |
| | Houston, Texas 77002 |
| | |
| David Jones | Nancy Lynne Holley |
| Porter & Hedges LLP | U.S. Trustee |
| 1000 Main Street | 515 Rusk Ave., Suite 3516 |
| 36th Floor | Houston, Texas 77002 |
| Houston, Texas 77002 | |

                                              */s/ Elisabeth A. Wilson*
                                              Elisabeth A. Wilson

Dallas_1\5452601\1
9766-1352 11/25/2009